FILED

JUL 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDOLF PEREKHANOV, | No. 07-72935 |
| Petitioner, | Agency No. A097-356-386 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2011
Pasadena, California

Before: PREGERSON, FISHER, and BERZON, Circuit Judges.

Rudolf Perekhanov ("Perekhanov"), a native and citizen of Georgia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1252. We grant the petition for review in part and remand to the agency for further proceedings.

Credibility determinations are reviewed under the substantial evidence standard.[1] *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010). "Our review is limited to the actual grounds relied upon by the BIA." *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009). We conclude that substantial evidence does not support the BIA's adverse credibility determination.

First, the BIA's conclusion that Perekhanov "changed" his testimony about the extent of the injuries he suffered during the January 16, 1991, home invasion is unsupported by the record. Perekhanov's testimony was in no way inconsistent. He merely answered the specific questions asked of him and provided additional information in response to additional questioning. *See Kaur v. Ashcroft*, 379 F.3d 876, 887 (9th Cir. 2004) ("[A] general response to questioning, followed by a more specific, consistent response to further questioning is not a cogent reason for supporting a negative credibility finding.").

---

[1]We apply pre-REAL ID Act standards because Perekhanov filed his application for asylum on October 1, 2003, prior to May 11, 2005, the effective date of the REAL ID Act. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009).

Second, the BIA's adverse credibility determination based on an inconsistency between Perekhanov's testimony and statements in the "Assessment to Grant" in his mother's asylum file is improper. The "Assessment to Grant" is the asylum officer's one-page summary of Perekhanov's mother's interview. It does not indicate how translation was conducted during her asylum interview, or that the asylum officer took her testimony under oath. Additionally, neither Perekhanov nor his mother were ever asked whether the asylum officer's summation of the interview was accurate. Accordingly, the "Assessment to Grant" in Perekhanov's mother's asylum file does not contain sufficient indicia of reliability to support an adverse credibility finding. *See Singh v. Gonzales*, 403 F.3d 1081, 1087-90 (9th Cir. 2005) (explaining that, because of the informal nature of the asylum interview, discrepancies between the asylum officer's assessment and an applicant's testimony before the IJ, without more, is not substantial evidence supporting an adverse credibility determination). Moreover, Perekhanov was never given an opportunity to explain the alleged inconsistency between his testimony and the "Assessment to Grant" in his mother's asylum file. Thus, the asserted contradiction may not be relied upon as substantial evidence that Perekhanov is not credible. *See id.* at 1084-85; *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009).

3

Third, the BIA concluded that Perekhanov was not credible because it believed his testimony about the 1991 home invasion was inconsistent with the police report he submitted stating that a police investigation had been opened and closed. The BIA's conclusion here is not supported by substantial evidence. Perekhanov testified that the police "wouldn't even open a case," but he later testified regarding the police investigation that "[i]t was just opened and closed. There was no investigation." Perekhanov obviously meant that the police did not *actually* investigate the case, even though they formally opened and later closed an investigation file on it. Nothing in the police documents states otherwise; there is no account of what was done to investigate the case, if anything. Perekhanov, however, was never given an opportunity to clarify his testimony. Accordingly, the BIA's adverse credibility finding on this basis is not supported by substantial evidence. *See Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004) ("[U]nclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony."); *see also Soto-Olarte*, 555 F.3d at 1091-92.

Finally, the BIA's conclusion that Perekhanov is not credible because he presented inconsistent information about when he was kidnaped is not supported by substantial evidence. Perekhanov consistently maintained that he was taken by

4

Georgian criminals twice, in 1996 and 2001. The only inconsistency was in his second affidavit, which he reasonably explained must have resulted from a mistranslation of the date. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir. 2003) ("[W]e have long recognized that difficulties in interpretation may result in seeming inconsistencies, especially in cases . . . where there is a language barrier.").

"In sum, a reasonable adjudicator would be compelled to conclude that the [BIA's] adverse credibility determination is not supported by substantial evidence." *Arulampalam v. Ashcroft*, 353 F.3d 679, 688 (9th Cir. 2003). Because the BIA erroneously concluded that Perekhanov had not presented a credible account of his past experiences, we remand Perekhanov's asylum and withholding of removal claims to the BIA to determine in the first instance whether, accepting Perekhanov's testimony as credible, he has established that he suffered past persecution. *See id*. at 689; *see also Soto-Olarte*, 555 F.3d at 1093-96; *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We also remand to the BIA to determine whether Perkehanov has established a well-founded fear of future persecution. Perekhanov's credible testimony about his past mistreatment is a relevant factor in determining whether he has an objectively reasonable fear of future persecution. *See Canales-Vargas v.*

5

*Gonzales*, 441 F.3d 739, 745 (9th Cir. 2006) (concluding that while threats petitioner suffered from a terrorist group did not amount to past persecution, these threats created "at least a one-in-ten chance" that petitioner would suffer persecution in the future).

We deny the petition for review as to Perekhanov's CAT claim. The BIA's conclusion that "there is no evidence that the government of Georgia would torture him or be acquiescent in his torture," is supported by substantial evidence in the record. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**Petition for review GRANTED IN PART, DENIED IN PART; REMANDED. Costs on appeal shall be awarded to Petitioner.**